UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Connie Denice Watson,

                    Plaintiff,      Case No. 25-13511

v.                         Judith E. Levy
                              United States District Judge

Wayne Sikorcin,

                              Mag. Judge Anthony P. Patti

                Defendant.

_____/

**ORDER DISMISSING THE CASE WITHOUT PREJUDICE
AND ENJOINING PLAINTIFF FROM FILING FUTURE
LAWSUITS OR DOCUMENTS WITHOUT PAYING THE FILING
FEE OR OBTAINING LEAVE OF COURT**

On November 4, 2025, *pro se* Plaintiff Connie Denice Watson filed a complaint against Defendant Wayne Sikorcin. (ECF No. 1.)[1] On December 12, 2025, the Court issued an order to show cause why the complaint should not be dismissed pursuant to Federal Rule of Civil

_____

[1] Plaintiff has filed five amended complaints since the filing of this suit. (ECF Nos. 6, 8, 9, 10, 11.) Federal Rule of Civil Procedure 15(a)(1) states that a party may amend the complaint "once as a matter of course no later than" 21 days after it is served or 21 days after a motion under Rule 12(b), (e), or (f). Because Plaintiff's complaint has not been served, the Court accepts her first amended complaint and will refer to it as the operative complaint. (ECF No. 6.) However, Plaintiff's other, amended complaints were filed without the Court's leave or the opposing party's written consent, as is required by Federal Rule of Civil Procedure 15(a)(2). As such, Plaintiff's other amended complaints (ECF Nos. 8, 9, 10, 11) are stricken.

Procedure 8(a). (ECF No. 5.) Plaintiff did not file a response to the order to show cause, but amended her complaint. (ECF No. 6.) The case was reassigned to the Undersigned on January 7, 2026. (ECF No. 7.)

For the reasons set forth below, Plaintiff's complaint is dismissed.

## I.     Factual Background

Plaintiff claims she is a "Toy Inventor of Devices of Filling Balloons with Water and Tying a Knot of a Water Balloon and Tying a Knot of a Self Sealing Knot of Water Balloons Toy Set Kit of Making Water Ballons." (ECF No. 6, PageID.113.) She alleges that Defendant stole her idea for that invention. (*See id.* at PageID.111 ("The Defendant of Leader of Organization of Corporation Stole and is Continuing to Steal Plaintiff Idea of Plaintiff Invention of Wrongfully Filing a Claim of a Patent of Doing Fraud of Using of a Claim of Plaintiff Idea of Plaintiff invention of a Granted United States Patent of a Submission Presentation to Market of a Sell Claim of a Profit . . . .").) The relief requested is "Punitive Damages In The Amount of One Hundred and Fifty Billion Dollars or The Value of Present Date of Year of a Claim or Value of Plaintiff Invention," as well as "Order a Relief Plaintiff Claim Damages of Punitive Damages of Relief." (*Id.* at PageID.118.)

Plaintiff proceeds without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a)(1). (ECF Nos. 2, 12.) Because Plaintiff has been granted permission to proceed without prepayment of the filing fee, the Court must screen her complaint to determine if it fails to state a claim or is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

## II.   Litigation History

In the last year and a half, Plaintiff has filed 18 lawsuits against this and other Defendants with significantly similar or identical allegations regarding an alleged water balloon invention.

As detailed in previous opinions, *see, e.g.*, *Watson v. Sikorcin*, No. 25-11873, 2025 WL 1900893, at *1–2 (E.D. Mich. July 9, 2025); *Watson v. Sikorcin*, No. 25-12869, 2025 WL 2736905, at *1 (E.D. Mich. Sept. 25, 2025), the other cases are as follows:

- *Watson v. Sovis*, Case No. 24-cv-12066 (E.D. Mich.), filed on August 7, 2024, and dismissed on November 7, 2024. *Watson v. Sovis*, No. 24-12066, 2024 WL 4713834 (E.D. Mich. Nov. 7, 2024).

- *Watson v. Ramere*, Case No. 24-cv-13275 (E.D. Mich.), filed on December 10, 2024, and dismissed on January 9, 2025. *Watson v. Ramere*, No. 24-CV-13275, 2025 WL 62236 (E.D. Mich. Jan. 9, 2025).

- *Watson v. Ramere*, Case No. 25-cv-10467 (E.D. Mich.), filed on February 18, 2025, and dismissed on April 30, 2025. *Watson v. Ramere*, No. 25-CV-10467, 2025 WL 1261015 (E.D. Mich. Apr. 30, 2025).

- *Watson v. Ramere*, Case No. 25-cv-11869 (E.D. Mich.), filed on June 23, 2025, and dismissed on July 9, 2025. *Watson v. Ramere*, No. 25-11869, 2025 WL 1900891 (E.D. Mich. July 9, 2025).

- *Watson v. Glenn*, Case No. 25-cv-11870 (E.D. Mich.), filed on June 23, 2025, and dismissed on July 9, 2025. *Watson v. Glenn*, No. 25-11870, 2025 WL 1900887 (E.D. Mich. July 9, 2025).

- *Watson v. Glenn*, Case No. 25-cv-11871 (E.D. Mich.), filed on June 23, 2025, and dismissed on July 9, 2025. *Watson v. Glenn*, No. 25-11871, 2025 WL 1900892 (E.D. Mich. July 9, 2025).

- *Watson v. Khubani*, Case No. 25-cv-11872 (E.D. Mich.), filed on June 23, 2025, and dismissed on July 9, 2025. *Watson v. Khubani*, No. 25-11872, 2025 WL 1900896 (E.D. Mich. July 9, 2025).

- *Watson v. Sikorcin*, Case No. 25-cv-11873 (E.D. Mich.), filed on June 23, 2025, and dismissed on July 9, 2025. *Watson v. Sikorcin*, No. 25-11873, 2025 WL 1900893 (E.D. Mich. July 9, 2025).

- *Watson v. Harter*, Case No. 25-cv-11874 (E.D. Mich.), filed on June 23, 2025, and dismissed on July 9, 2025. *Watson v. Harter*, No. 25-11874, 2025 WL 1901631 (E.D. Mich. July 9, 2025).

- *Watson v. Malone*, Case No. 25-cv-11875 (E.D. Mich.), filed on June 23, 2025, and dismissed on July 9, 2025. *Watson v. Malone*, No. 25-11875, 2025 WL 1900898 (E.D. Mich. July 9, 2025).

- *Watson v. Sikorcin*, Case No. 25-cv-12869 (E.D. Mich.), filed on September 10, 2025, and dismissed on September 25, 2025. *Watson v. Sikorcin*, No. 25-12869, 2025 WL 2736905 (E.D. Mich. Sept. 25, 2025)

All of Plaintiff's prior cases were dismissed pursuant to 28 U.S.C. § 1915(e) because Plaintiff failed to state a claim upon which relief may be granted.

Between November 4, 2025 and February 17, 2026, Plaintiff initiated seven new cases in the Eastern District of Michigan:

- *Watson v. Sikorcin*, 25-cv-13511

- *Watson v. Ramere*, 26-cv-10465

- *Watson v. Ramere*, 26-cv-10487

- *Watson v. Glenn*, 26-cv-10488

- *Watson v. Malone*, 26-cv-10539

- *Watson v. Harter*, 26-cv-10540

- *Watson v. Khubani*, 26-cv-10541

These complaints involve the same allegations as the previous eleven cases: that Defendants allegedly stole her invention related to water balloons.

## III.   Analysis

### A. Dismissal of Plaintiff's complaint

Plaintiff's complaint must be dismissed for failure to state a claim and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). "A complaint can be frivolous either factually or legally." *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) (citing *Lappin*, 630 F.3d at 470). The former is found "when [the complaint] relies on 'fantastic or delusional' allegations"; the latter, "when 'indisputably meritless' legal theories underlie the complaint." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)).

To state a claim upon which relief may be granted, a complaint must allege enough facts that, when assumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[D]etailed factual allegations" are not necessary, but the pleading must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

When a plaintiff proceeds without counsel, the Court must liberally construe the complaint and hold it to a less stringent standard

6

than a similar pleading drafted by an attorney. *See Sutton v. Mountain High Invs., LLC*, No. 21-1346, 2022 WL 1090926, at *2 (6th Cir. Mar. 1, 2022) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "But the rule that *pro se* filings should be liberally construed does not exempt *pro se* litigants from basic pleading standards." *Johnson v. E. Tawas Hous. Comm'n*, No. 21-1304, 2021 WL 7709965, at *1 (6th Cir. Nov. 9, 2021) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

It appears that Plaintiff brings suit pursuant to 18 U.S.C. § 1001, 18 U.S.C. § 287, "U.S.C. 1028" (which the Court construes as 18 U.S.C. § 1028), and "RICO." (*See* ECF No. 6, PageID.114.)

Plaintiff's claims under 18 U.S.C. §§ 1001, 287, and 1028, which the Court has previously dismissed eight times, must be dismissed yet again because these criminal laws do not have a private right of action. *See, e.g.*, *Watson v. Sikorcin*, 2025 WL 2736905, at *2.

Next, Plaintiff's allegations are insufficient for a civil RICO claim. Pursuant to 18 U.S.C. § 1964(c), "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]" has a private right of action. However, Plaintiff has not pled any violations of 18 U.S.C. § 1962, which requires an allegation of "a pattern of racketeering

activity" or "collection of an unlawful debt." Racketeering activity is defined as "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical" or "any act which is indictable" under certain criminal statutes. 18 U.S.C. § 1961(1).

Here, Plaintiff does not set forth sufficient, plausible factual allegations that Defendant was involved in any racketeering activity or "collection of an unlawful debt." While she states repeatedly that "Defendant Stole of doing Fraud as a Team with Company Owner" and that Defendant "Cause Plaintiff to be a Victim of Fraud of Stealing form of a Claim of Plaintiff Idea of Plaintiff Invention" (ECF No. 6, PageID.117), her allegations are conclusory and difficult to understand. As such, Plaintiff has failed to set forth sufficient facts for a RICO claim.

In addition, Plaintiff's complaint must be dismissed because her complaint does not comply with Federal Rule of Civil Procedure 8(a). Federal Rule of Civil Procedure 8(a) states that a complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing

that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

Plaintiff's complaint is repetitive and difficult to comprehend. (*See* ECF No. 5, PageID.108 ("Here, the court cannot discern the nature of the claims Plaintiff asserts against Defendant given the verbosity of the allegations and the lack of counts identifying the actual causes of action that Plaintiff asserts against Defendant.").) Rule 8(a)(2) requires "a short and plain statement of the claim." Similarly, Rule 8(d)(1) states, "[e]ach allegation must be simple, concise, and direct." Although Plaintiff's current complaint is shorter than previous complaints, her complaints have not increased in clarity. Without such clarity, the Court is unable to conclude that the complaint adequately puts Defendants on notice of the claims against them and, as such, the complaint is not viable. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 507 (2002) ("Rule 8(a)'s express language [] requires simply that the complaint 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.").

As such, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915.

### B. Enjoinment

Plaintiff has been warned numerous times that her complaints are insufficient to state a claim and violate Rule 8(a)(2). *See Watson v. Sovis*, 2024 WL 4713834; *Watson v. Ramere*, 2025 WL 1261015, at *3; *Watson v. Ramere*, 2025 WL 62236, at *1, *Watson v. Sikorcin*, 2025 WL 1900893, at *4; *Watson v. Sikorcin*, 2025 WL 2736905, at *3. However, Plaintiff continues to file deficient complaints, sometimes filing multiple complaints on the same day.

The Court understands that Plaintiff is not represented by counsel, but her repetitive complaints are not acceptable. As set forth in several of the Court's previous orders dismissing Plaintiff's cases:

> "Every paper filed with the Clerk of . . . Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Duneske v. Nerswick*, No. 2:24-CV-11390-TGB-KGA, 2024 WL 5443159, at *6 (E.D. Mich. Nov. 20, 2024) (quoting *Miller v. Mt. Eaton Police Dep't*, Case No. 5:19-CV-2618, 2020 WL 1332016, at *2 (N.D. Ohio Mar. 23, 2020)). "The filing of frivolous lawsuits and motions strains an already burdened federal judiciary." *Viola v. Cuyahoga Cnty. Land Bank*, No. 1:21 CV 1196,

2021 WL 5015486, at *9 (N.D. Ohio Oct. 28, 2021), *aff'd sub nom.*
*Viola v. Cuyahoga Cnty. Land Reutilization Corp.*, No. 21-4139,
2023 WL 3725063 (6th Cir. Feb. 15, 2023). "Our ability to perform
our duties is compromised when we are forced to devote limited
resources to the processing of repetitious and frivolous filings." *Id.*
(citing *In re Sindram*, 498 U.S. 177, 179–80 (1991)).

*See, e.g.*, *Watson v. Sikorcin*, 2025 WL 1900893, at *4.

Plaintiff was warned repeatedly that she may not continue filing duplicative, repetitive complaints that violate Federal Rule of Civil Procedure 8 and fail to state a claim. In the Court's last opinion, Plaintiff was "warned that if she files another complaint that contains the same deficiencies, regarding the same subject matter, she will be enjoined and restrained from filing new actions in the United States District Court for the Eastern District of Michigan without first seeking and obtaining leave of court by the presiding judge or by paying the full civil case filing fee." *Watson v. Sikorcin*, 2025 WL 2736905, at *3.

Despite the Court's warnings, Plaintiff has yet again filed several complaints that contain the same deficiencies and have to do with the same subject matter. Plaintiff was informed **eight times**[2] that her

---

[2] *Watson v. Ramere*, 2025 WL 1900891; *Watson v. Glenn*, 2025 WL 1900887; *Watson v. Glenn*, 2025 WL 1900892; *Watson v. Khubani*, 2025 WL 1900896; *Watson v. Sikorcin*, 2025 WL 1900893; *Watson v. Harter*, 2025 WL 1901631; *Watson v. Malone*, 2025 WL 1900898; *Watson v. Sikorcin*, 2025 WL 2736905.

11

claims brought pursuant to 18 U.S.C. §§ 1001, 287, and 1028 are not viable because they are criminal laws without a private right of action, but Plaintiff's recent complaints contain those claims yet again. (ECF No. 6, PageID.114.) The Court therefore concludes that Plaintiff must be enjoined. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation.").

As such, Plaintiff Connie Denice Watson is ENJOINED from filing any new lawsuits or other documents without either paying the full filing fee OR seeking and obtaining leave of court. In order to obtain leave of court to file a new lawsuit or other document, Connie Denice Watson must follow the requirements below:

1. If Ms. Watson wishes to file any document in the U.S. District Court for the Eastern District of Michigan, including a complaint, she must file a "Motion Pursuant to Court Order Seeking Leave to File."

2. With the above Motion Pursuant to Court Order Seeking Leave to File, Ms. Watson must attach the following as exhibits:

   a. A copy of the document she proposes to file;

   b. A copy of this Order;

12

c. A written declaration which she has prepared pursuant to 28 U.S.C. § 1726 or a sworn affidavit, certifying that (1) the document raises a new issue which has never been previously raised by her in this or any other court, (2) the claim or issue is not frivolous, and (3) the proposed filing is not being filed in bad faith.

d. A document containing a list showing (1) the complete caption of every suit that has been previously filed by her or on her behalf in any court against each defendant in any new suit she wishes to file and (2) the complete caption of every suit which she has currently pending.

Failure to follow these requirements will result in the document being stricken.

## IV.  Conclusion

For the reasons set forth above, the case is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's unauthorized amended complaints (ECF Nos. 8, 9, 10, 11) are STRICKEN and not part of the record. Additionally, Plaintiff is ENJOINED from filing a new lawsuit or other documents unless she pays the full filing fee or complies with the above requirements.

IT IS SO ORDERED.

Dated: February 23, 2026          s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 23, 2026.

                                  s/Caitlin Shrum
                                  CAITLIN SHRUM ON BEHALF
                                  OF WILLIAM BARKHOLZ
                                  Case Manager

14